UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>FRESNO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00052-AWI-SKO<br><br>**FIRST SCREENING ORDER**<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE** |

## I.    INTRODUCTION

**A.    Background**

On January 14, 2021, Plaintiff Ronald Harris ("Plaintiff"), proceeding *pro se*, filed a civil rights complaint against the Fresno County Sheriff's Department and several sheriff's deputies: "Deputy Bush," "Deputy O'Leary," Ashley Vargas, Priscilla Heshmaby, and Joshua Conbrell. (Doc. 1 ("Compl.").) Plaintiff purports to allege causes of action under 42 U.S.C. § 1983 ("section 1983") for excessive force by an officer, "threat to the safety of a child," and "threat to safety of an elderly couple." (*Id.* at 3–5.) Plaintiff seeks monetary damages of $1,000,000. (*Id.* at 6.)

Plaintiff's complaint is now before the Court for screening. The Court finds Plaintiff has not stated a cognizable claim but may be able to correct the deficiencies in his pleading for some of the claims. Thus, Plaintiff is provided the pleading and legal standards for his claims and is granted

leave to file an amended complaint.

### B. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

### C. Summary of the Complaint

The complaint identifies the Fresno County Sheriff's Department and several sheriff's deputies as defendants. (Compl. at 1, 2, 3.) The factual basis for Plaintiff's complaint appears to be the circumstances under which Plaintiff's arrest occurred. (*See id.* at 3–5.) Plaintiff alleges that a "sheriff supervisor" instructed the deputies to use nonlethal rounds, "but they used lethal rounds." (*Id.* at 3.) There were two children present at the scene, and "officers removed one child and left the other behind while shots were being fired." (*Id.*) Plaintiff was "shot in the head by a .45 calibur [sic] then shot in the shoulder by a bean bag after." (*Id.*) Additional live rounds were fired by the deputies, and Plaintiff was tasered in his back and then placed under arrest. (*Id.*) "All this was going on with [Plaintiff's] 3 year old son next to [his] leg." (*Id.* at 4.) The rounds fired by the deputies struck the residence of an elderly couple, Plaintiff's parents. (*Id.* at 5.) A bullet was found in the bathroom of the residence. (*Id.*) Plaintiff experienced "emotional stress [due] to his son almost getting injured" and his parents "possibly being killed or injured by police." (*Id.* at 4, 5.)

### D. Pleading Requirements Under Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

## II.     DISCUSSION

### A.   Legal Standard

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Lovell By & Through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).

To prevail on a section 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Further, to state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

**B.     Plaintiff Fails to State a Claim Against the Fresno County Sheriff's Department**

Plaintiff names the Fresno County Sheriff's Department as a defendant, but municipal departments are not appropriate defendants in a section 1983 suit. Under section 1983, only a "person" acting under color of law may be sued for claims. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). The term "persons" under section 1983 encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996). But "persons" do not include municipal departments. *Id.* "[N]aming a municipal department as a defendant is not an appropriate means of pleading a [section] 1983 action against a municipality." *Stump v. Gates*, 777 F. Supp. 808, 816 (D.

4

Colo. 1991). *See also, e.g.*, *Stoll. v. Cty. of Kern*, No. 1:05–CV–01059 OWW SMS, 2008 WL 4218492, at *5 (E.D. Cal. Sept. 8, 2008) (dismissing from suit the defendant Kern County Welfare Department, a municipal department of the defendant County of Kern).

Under longstanding Supreme Court authority, a municipality cannot be held liable under section 1983 simply because it employs an individual accused of, or who has engaged in, illegal or unconstitutional conduct. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that "[a] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory"). Because there is no respondeat superior liability under section 1983, counties and municipalities may be sued under section 1983 only upon a showing that an official policy or custom caused the constitutional tort. *See Monell*, 436 U.S. at 691. "A local government entity cannot be held liable under section 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." *Ortez v. Washington Cty., State of Or.*, 88 F.3d 804, 811 (9th Cir. 1996) (citation and quotations omitted) (alteration in original). "[L]ocal governments, like any other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690–91. A local governmental entity may also "be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 123 (1992). "In particular . . . the inadequate training of police officers could be characterized as the cause of the constitutional tort if—and only if—the failure to train amounted to 'deliberate indifference' to the rights of persons with whom the police come into contact." *Id.* (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

Here, a claim is not sufficiently stated against the Fresno County Sheriff's Department merely because that entity employed any alleged wrongdoers, as Plaintiff appears to plead. (*See* Compl. at 3.) Indeed, the face of the complaint appears to indicate that the defendant deputies acted contrary to instructions from a supervisor. (*See* Compl. at 3 (alleging that "[i]t was stated by a sheriff supervisor to use non[-]lethal but they used lethal rounds").) To impose municipal liability

under section 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted).

Plaintiff will be granted leave to amend his complaint to attempt to state a claim against the appropriate municipality. In any amended complaint, Plaintiff must allege the specific policy, custom or practices that he contends give rise to the municipality's liability. Plaintiff is advised that a conclusory allegation regarding the existence of a policy or custom unsupported by factual allegations is insufficient to state a *Monell* claim. *See Save CCSF Coalition v. Lim*, No. 14–cv–05286–SI, 2015 WL 3409260, at *13 (N.D. Cal. May 27, 2015) (unspecific allegation regarding municipal defendant's use of force policy insufficient to identify a relevant policy or custom under *Monell*); *Telles v. City of Waterford*, No. 1:10–cv–00982–AWI–SKO, 2010 WL 5314360, at *4 (E.D. Cal. Dec. 20, 2010) (to sufficiently state a claim under *Monell*, a plaintiff must allege facts establishing a policy or establishing a lack of training; it is not enough simply to state that there is a policy or allege a lack of training or supervision). Plaintiff must allege facts setting forth the appropriate municipality's specific policy or custom, how the policy or custom was deficient, how it caused the alleged harm, and how the infirmity of the custom or policy was so obvious that policymakers were on notice that the constitutional injury was likely to occur. *See Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1157 n.8 (9th Cir. 2014); *Starr v. Baca*, 652 F.3d 1202, 1207–08, 1216–17 (9th Cir. 2011).

**C.     Plaintiff Fails to State a Claim Against the Named Fresno County Sheriff's Deputies**

Plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Although Plaintiff appears to seek relief pursuant to section 1983 for use of excessive force and "threat to safety," he does not specifically allege any constitutional violations. (*See* Compl. at 3, 4, 5.)

Claims asserting officers used excessive force during the course of an investigatory stop, or

other seizure are analyzed under the Fourth Amendment's prohibition against unreasonable seizures. *Graham*, 490 U.S. at 394. To prevail on a section 1983 excessive force claim, a plaintiff must show that the officer's actions were objectively unreasonable under the circumstances. *Id.* at 397.

In assessing reasonableness, the court should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Blanford v. Sacramento Cty.*, 406 F.3d 1110, 1115 (9th Cir. 2005) (citation omitted). "A police officer may not seize an unarmed, nondangerous suspect by shooting him dead," but if "there is probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

Claims of excessive force are not limited to claims against the officer or officers who actually used excessive force and may also be brought against officers who were present during the use of excessive force but failed to intervene. *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995); *see also Cuff v. Department of State Hospitals (Stockton)*, No. 2:16–cv–1999 MCE DB P, 2017 WL 1179169, at *5 (E.D. Cal. Mar. 30, 2017). A failure to intervene claim can be alleged against an officer whether or not the officer was in a "supervisor" role at the time of the incident. *Cuff*, 2017 WL 1179169, at *5; *Kraft v. Laney*, No. CIV S–04–0129 GGH, 2005 WL 2042310, at *5 (E.D. Cal. Aug. 24, 2005) (citing *Fundiller v. Cooper City*, 777 F.2d 1436, 1441–42 (11th Cir. 1985) ("It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force . . . can be held liable for his nonfeasance.")).

"To state a claim for failure to intervene, Plaintiff must allege circumstances showing that these officers had an opportunity to intervene and prevent or curtail the violation (e.g., enough time to observe what was happening and intervene to stop it), but failed to do so." *Gonzales v. Cate*, No. 1:06–cv–1420–AWI–MJS (PC), 2011 WL 1332174, at *3 (E.D. Cal. Apr. 5, 2011); *Lanier v. City of Fresno*, No. CV F 10-1120 LJO SKO, 2010 WL 5113799 (E.D. Cal. Dec. 8, 2010); *Claiborne v.*

*Blauser*, No. 2:10–cv–2427 LKK EFB P, 2013 WL 1384995, at *5 (E.D. Cal. Apr. 4, 2013).

The limited facts alleged by Plaintiff are insufficient to state a claim for excessive force. The complaint names five sheriff's deputies as defendants, but it is unclear who Plaintiff alleges shot or tasered him, or what actions each of the individual deputies took. (Compl. at 3, 4, 5.) Plaintiff cannot "hold an officer liable because of his membership in a group without a showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) (internal citation omitted). A police officer who is "merely a bystander" to another officer's conduct is insufficient to establish liability under section 1983. *Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009) (quoting *Chuman v. Wright*, 76 F.3d 292 (9th Cir. 1996)). "Officers are not integral participants simply by the virtue of being present at the scene of an alleged unlawful act . . . . [I]ntegral participation requires some *fundamental involvement* in the conduct that allegedly caused the violation . . . . [and] [o]fficers are fundamentally involved in the alleged violation when they provide some affirmative physical support at the scene of the alleged violation and when they are aware of the plan to commit the alleged violation or have reason to know of such a plan, but do not object." *Monteilh v. Cty. of Los Angeles*, 820 F. Supp. 2d 1081, 1089 (C.D. Cal. 2011) (internal citations omitted) (emphasis in original). Thus, Plaintiff's claims as stated are insufficient as they fail to "allege an affirmative link between the injury and the conduct" of each defendant." *Rizzo*, 423 U.S. at 371–72, 377.

Plaintiff will be granted leave to amend to attempt to state a claim against the defendant sheriff's deputies. In any amended complaint, Plaintiff must specify what actions of each deputy violated his rights, or how the deputy was present and had an "opportunity to intervene and prevent or curtail the violation," but failed to do so, as required to state a claim for failure to intervene. *See Gonzales*, 2011 WL 1332174, at *3. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

As for Plaintiff's "threat to safety" claims—that Defendants' conduct threatened the safety of his three-year-old son and his elderly parents and caused Plaintiff to feel "emotional stress"— Plaintiff does not allege which of his federal constitutional or statutory rights were violated. (Compl.

8

at 4, 5.) Plaintiff's "threat to safety" claims appear to be state law claims for infliction of emotional distress.[1] Section 1983, however, does not provide a cause of action for violations of state law. *See Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff first must have a cognizable claim for relief under federal law, which, for the reasons explained above, he does not. *See* 28 U.S.C. § 1367. Accordingly, the Court will not address the viability of Plaintiff's state law claims, but will provide Plaintiff with the relevant legal standards for alleging claims of intentional and negligent infliction of emotional distress.

Under California law, to state a claim for intentional infliction of emotional distress, a plaintiff must plead the following elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Dupree v. Apple, Inc.*, No. 16–CV–00289–LHK, 2016 WL 4191653, at *7 (N.D. Cal. Aug. 9, 2016) (quoting *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819 (Cal. 1993)). "Outrageous conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Dupree*, 2016 WL 4191653, at *7 (internal quotation marks and citations omitted).

Negligent infliction of emotional distress ("NIED") is not an independent tort in California but rather a subset of negligence. *Burgess v. Superior Court*, 821 P.2d 1197, 1200 (Cal. 1992). Thus, a plaintiff must adequately plead the "traditional elements of duty, breach of duty, causation, and damages." *Id.*; *Hall v. Apollo Grp., Inc.*, 2014 WL 4354420, at *6 (N.D. Cal. Sept. 2, 2014) ("The elements of a claim of negligent infliction of emotional distress are: (1) the defendant engaged in negligent conduct; (2) the plaintiff suffered serious emotional distress; and (3) the defendants' negligent conduct was a cause of the serious emotional distress").

There are two theories of liability in a NIED cause of action: the bystander theory and the direct victim theory. *Burgess*, 821 P.2d at 1199. Based on the facts alleged in the complaint,

---

[1] It is unclear whether Plaintiff's claims for "emotional stress" are raised as an intentional tort or as negligent infliction of emotional distress. (*See* Compl. at 4, 5.)

Plaintiff appears to be asserting bystander claims based on the emotional stress he experienced due to the "threat to safety" to his family members. (*See* Compl. at 4, 5.) A bystander claim requires that the bystander: "(1) is closely related to the injury victim; (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress — a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances." *Thing v. La Chusa*, 771 P.2d 814, 815 (Cal. 1989).

### III. CONCLUSION AND ORDER

As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez*, 203 F.3d at 1130. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the prior complaints. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a first amended complaint; and
2. Within twenty-one (21) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order, or a notice of voluntary dismissal.

**If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state**

**a claim and to obey a court order.**

IT IS SO ORDERED.

Dated:  **April 14, 2021**                                          /s/ *Sheila K. Oberto*                     
                                                                    UNITED STATES MAGISTRATE JUDGE