# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br><br>DEPUTY R. O'LEARY, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00052-AWI-SKO<br><br>**SCREENING ORDER AUTHORIZING SERVICE OF FIRST AMENDED COMPLAINT AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS**<br><br>(Doc. 10)<br><br>**30-DAY DEADLINE** |

On January 14, 2021, Plaintiff Ronald Harris ("Plaintiff"), a prisoner proceeding *pro se*, filed a civil rights complaint against the Fresno County Sheriff's Department and several sheriff's deputies: "Deputy Bush," "Deputy O'Leary," Ashley Vargas, Priscilla Heshmaby, and Joshua Conbrell. (Doc. 1.) Plaintiff alleged causes of action under 42 U.S.C. § 1983 ("section 1983") for excessive force by an officer, "threat to the safety of a child," and "threat to safety of an elderly couple." (*Id.* at 3–5.) The original complaint sought monetary damages of $1,000,000. (*Id.* at 6.) On April 15, 2021, the undersigned found that Plaintiff's complaint failed to state a cognizable federal claim and granted leave to file an amended complaint. (Doc. 9.)

On May 14, 2021, Plaintiff filed a First Amended Complaint against R. O'Leary, Joshua Cantrell, and C. Bush (collectively, "Defendants"), all of whom are alleged to be sheriff's deputies at the Fresno County Sheriff's Department. (Doc. 10.) Plaintiff alleges that Defendants used excessive force against him during his arrest in violation of his rights under the Eighth and

Fourteenth Amendments to the United States Constitution.[1] (*See* Doc. 10 at 3.) Specifically, Plaintiff alleges that, "[d]espite numerous witnesses stating they could not see anything in Plaintiff's hands (the officers on the scene allege he was holding one or two knives)," Deputy O'Leary fired three shots at him, with one round striking Plaintiff in the head. (*Id.*) According to Plaintiff, Deputy Cantrell subsequently fired a beanbag round at Plaintiff, which struck Plaintiff in his shoulder, and Deputy Bush tased Plaintiff while Plaintiff was approaching the deputies with his hands up. (*Id.*) The Court has screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915A and finds that it states cognizable excessive force claims for damages against Defendants.[2] Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 924–25 (9th Cir. 2001).

Accordingly, it is HEREBY ORDERED that:

1. Service shall be initiated on the following defendants:

    **R. O'Leary**

    **Joshua Cantrell**

    **C. Bush**

2. The Clerk of Court shall send Plaintiff three (3) USM-285 form, three (3) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the First Amended Complaint, filed on May 14, 2021 (Doc. 10).

3. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit it to the Court with the

---

[1] The Court notes that claims of excessive force by an officer during an arrest are analyzed under the Fourth Amendment, not the Eighth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard") (emphasis in original).

[2] To state a claim of excessive force, a plaintiff must allege facts showing that the officer's conduct was "objectively unreasonable in light of the facts and circumstances confronting them." *Graham*, 490 U.S. at 397. In determining whether an officer's conduct is objectively unreasonable, the Court must "balance the gravity of the intrusion on the individual against the government's need for that intrusion to determine whether it was constitutionally reasonable." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003). In evaluating reasonableness, the Court considers factors including: "(a) the severity of the suspect's alleged crime; (b) whether the suspect posed an immediate threat to the officers' safety; (c) whether the suspect was actively resisting arrest or attempting to escape." *Graham*, 490 U.S. at 396. Liberally construed, Plaintiff's allegations that Defendants tased and shot him while he was unarmed and holding his hands up (Doc. 10 at 3) are sufficient to state cognizable claims for excessive force under the Fourth Amendment against Defendants.

following documents:

    a.     A completed summons for each defendant listed above;

    b.     A completed USM-285 form for each defendant listed above; and

    c.     Four (4) copies of the endorsed First Amended Complaint filed on May 14, 2021.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. **<u>The failure to comply with this order will result in a recommendation to the assigned district judge that this action be dismissed</u>**.

IT IS SO ORDERED.

Dated:   **June 28, 2021**                       /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE