# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPUTY R. O'LEARY, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:21-cv-00052-AWI-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE RECOMMENDED FOR DISMISSAL**<br><br>(Docs. 13, 20 & 27)<br><br>**THIRTY DAY DEADLINE** |

Plaintiff Ronald Harris is proceeding *pro se* in this action. On two occasions, the Court directed Plaintiff to serve the summonses and First Amended Complaint upon defendants in accordance with Federal Rule of Civil Procedure 4. (*See* Docs. 13 & 20.) On June 16, 2022, the Court issued an order directing Plaintiff to file either proofs of service on Defendants or a status report indicating whether he intends to continue to prosecute this case by no later than September 1, 2022. (Doc. 27.) To date, Plaintiff has not filed proofs of service or a status report, nor has he requested an extension of time in which to do so.

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110.

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Based on the foregoing, Plaintiff is ORDERED to show cause, within thirty (30) days of the date of service of this Order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's orders and for failure to prosecute his case.**  Alternatively, within that same time period, Plaintiff may file proofs of service or a notice of voluntary dismissal.  The Court further CAUTIONS Plaintiff that, if he fails to take action within thirty (30) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed in its entirety.

The Court DIRECTS the Clerk of Court to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **September 9, 2022**                    /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE