# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HARRIS, | Case No. 1:21-cv-00052-AWI-SKO |
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE** |
| DEPUTY R. O'LEARY, et al., | (Docs. 27 & 29) |
| Defendants. | **THIRTY DAY DEADLINE** |
| _____/ | |

Plaintiff Ronald Harris is proceeding *pro se* in this action. On two occasions, the Court directed Plaintiff to serve the summonses and First Amended Complaint upon defendants in accordance with Federal Rule of Civil Procedure 4. (*See* Docs. 13 & 20.) On June 16, 2022, the Court issued an order directing Plaintiff to file either proofs of service on Defendants or a status report by no later than September 1, 2022, indicating whether he intends to continue to prosecute this case. (Doc. 27.) To date, Plaintiff has not filed proofs of service or a status report, nor has he requested an extension of time in which to do so.

On September 9, 2022, an order issued for Plaintiff to show cause ("OSC") within thirty days why the action should not be dismissed for his failure to comply with the Court's screening order and for failure to prosecute this case. (Doc. 29.) Plaintiff was warned in the OSC that the failure to comply with the Court's order would result in a recommendation to the presiding district

judge of the dismissal of this action. (*Id*.) Plaintiff has not yet filed any response or proofs of service, and the time to do so has passed.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. *See also* Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the order directing him to file proofs of service and the OSC, there is no alternative but to dismiss the action for his failure to obey court orders and failure to prosecute.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed, without prejudice, for Plaintiff's failure to obey court orders and failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within thirty (30) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed

1 on the docket for this matter.

IT IS SO ORDERED.

Dated: **October 18, 2022**          /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE